UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN CLARKE and RODRIGO FERREIRA DA CRUZ VOGT, *on behalf of themselves and all others similarly situated*,<br><br>        Plaintiffs,<br><br>  -against-<br><br>BENJAMIN CHOW, METEORA, HAYDEN DAVIS, GIDEON DAVIS, CHARLES THOMAS DAVIS, and KELSIER LABS, LLC d/b/a KELSIER VENTURES,<br><br>        Defendants | Case No. 1:25-cv-03268 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  On April 19, 2025, Plaintiffs initiated a putative class action on behalf of all investors that purchased $M3M3 Tokens between December 4, 2024, and April 19, 2025. The Complaint, filed on April 21, 2025, asserts claims under Sections 5, 12(a)(1), and 15 of the Securities Act of 1933 (the "Securities Act"), Sections 10(b) and 20 of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder. *See generally* Dkt. 4 ("Compl."). Now before the Court is the unopposed motion of Anuj Mehta ("Movant") for his appointment as lead plaintiff and approval of Burwick Law, PLLC and Hoppin Grinsell LLP as lead counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). *See* Dkt. 28. For the following reasons, the motion is GRANTED.

**DISCUSSION**

**I. Lead Plaintiff**

  The PSLRA sets forth the process for the appointment of a lead plaintiff in class actions brought pursuant to the Securities Act and the Exchange Act.[1] *See* 15 U.S.C. §§ 77z-1(a)(3)(B),

---

[1] As amended by the PSLRA, the relevant provisions of the Securities Act and the Exchange Act regarding the appointment of lead plaintiffs and the selection of lead counsel are identical. *See*

78u-4(a)(3)(B). The statute provides that "[n]ot later than 20 days after the date on which the complaint is filed," the first plaintiffs to file a complaint must publish notice to the alleged class members advising them about "the pendency of the action, the claims asserted therein, and the purported class period," as well as their right to seek to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. §§ 77z-1(a)(3)(A)(i), 78u-4(a)(3)(A)(i). Within 90 days after publication of notice, the Court "shall consider any motion made by a purported class member" and shall appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interest of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).

"The PSLRA directs courts to presume that the most adequate lead plaintiff is the movant who, 'in the determination of the court, has the largest financial interest in the relief sought by the class' and 'otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.'" *Xie v. Nano Nuclear Energy Inc.*, No. 24-cv-06057 (JMF), 2024 WL 4610893, at *1 (S.D.N.Y. Oct. 28, 2024) (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)). This presumption may be rebutted if a class member offers proof that the "presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class[] or . . . is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u–4(a)(3)(B)(iii)(II). "Even when a motion to appoint lead plaintiff is unopposed, the Court must still consider the factors under the PSLRA to ensure that the movant is the most adequate plaintiff." *Somogyi v. Organogenesis Holdings Inc.*, 623 F. Supp. 3d 24, 29 (E.D.N.Y. 2022) (quoting *City of Warren Police & Fire Ret. Sys. v. Foot Locker, Inc.*, 325 F.

---

*Murphy v. Argo Blockchain plc*, 683 F. Supp. 3d 211, 216 n.3 (E.D.N.Y. 2023); *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281, 337 (S.D.N.Y. 2003).

Supp. 3d 310, 314 (E.D.N.Y. 2018)); *accord Jaar v. N. Genesis Acquisition Corp.*, No. 24-cv-02155 (JLR), 2024 WL 3252909, at *2 (S.D.N.Y. July 1, 2024).

### A. Timeliness of Motion for Appointment of Lead Plaintiff

Plaintiffs published a notice of the instant lawsuit, in accordance with the PSLRA, on April 22, 2025. *See* Dkts. 18, 18-1. Movant timely filed the instant motion on June 23, 2025. *See* Dkt. 28.

### B. Largest Financial Interest

"The PSLRA does not specify a method for calculating which plaintiff has the largest financial interest." *Jaar*, 2024 WL 3252909, at *2 (quoting *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)). "Courts in the Second Circuit generally consider four factors: '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.'" *Id.* (quoting *Fuwei Films*, 247 F.R.D. at 437). "Courts tend to treat the factors in ascending order of importance, with the size of the loss being the most important, but each factor is 'only a proxy — and an imperfect one — for determining' which applicant for lead plaintiff has 'the largest financial interest.'" *Xie*, 2024 WL 4610893, at *1 (quoting *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011)).

Movant contends that, "on information and belief, he has the 'largest financial interest' in the relief sought in this action." Dkt. 29 ("Br.") at 6. Specifically, Movant declares that he "suffered an approximate net loss of $19,164, which is the difference between the sum of [his] $M3M3 Token purchases and the sum of [his] $M3M3 Token sales." Dkt. 30-2 ¶ 3. According to Plaintiffs' counsel, "[Movant]'s net losses are the largest out of all 68 members of the proposed Class that provided Burwick Law with comprehensive information about their transactions in $M3M3." Br. at 9; *see* Dkt. 30 ¶ 4. Given these representations, and "[b]ecause

3

an alternative lead plaintiff has not come forward, let alone one with a larger financial stake, the Court assumes — subject to the discussion below of the Rule 23 factors — that [Movant]'s financial interest renders him suitable to serve as lead plaintiff." *Damri v. LivePerson, Inc.*, No. 23-cv-10517 (PAE), 2024 WL 1242510, at *3 (S.D.N.Y. Mar. 22, 2024) (collecting cases).

### C. Requirements of Rule 23 of the Federal Rules of Civil Procedure

Federal Rule of Civil Procedure ("Rule") 23 provides that a party may serve as a class representative only if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "At this early stage of litigation, however, 'only the last two factors — typicality and adequacy — are pertinent." *Quinn v. Ready Cap. Corp.*, Nos. 25-cv-01883, 25-cv-03373 (PAE), 2025 WL 1883836, at *3 (S.D.N.Y. July 8, 2025).

"The typicality requirement 'is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Maliarov v. Eros Int'l PLC*, Nos. 15-cv-08956, 16-cv-00223 (AJN), 2016 WL 1367246, at *6 (S.D.N.Y. Apr. 5, 2016) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "Minor variations in the fact patterns underlying the individual claims do not preclude a finding of typicality." *Nguyen-Wilhite v. Tapestry, Inc.*, No. 23-cv-03339 (JLR), 2025 WL 504628, at *6 (S.D.N.Y. Feb. 14, 2025) (quoting *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 405-06 (S.D.N.Y. 2015)). Like all members of the purported class here, Movant alleges that he "purchased $M3M3 Tokens at artificially inflated prices as a direct result of [his] reasonable reliance" on "Defendants' serial, material misrepresentations about the $M3M3 Token and the manner in which it was 'launched' on Meteora" and that he

"lost money when those artificially inflated prices collapsed." Br. at 11. Accordingly, Movant has made a preliminary showing of typicality.

"The adequacy requirement is satisfied where the proposed lead plaintiff . . . (1) has no conflict of interest with the other members of the class; (2) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question; and (3) has sufficient interest in the outcome of the case." *Balestra v. ATBCOIN LLC*, 380 F. Supp. 3d 340, 362 (S.D.N.Y. 2019) (citing *Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014)). Movant's counsel are "experienced in complex digital assets and securities litigation," Br. at 12, as demonstrated by the firms' resumes, *see* Dkts. 30-3, 30-4. Additionally, Movant has alleged a "loss amount suggesting that [he] will have a strong interest in advocating on behalf of class members." *Zawatsky Zawatsky v. Vroom, Inc.*, Nos. 21-cv-02477, 21-cv-02551, 21-cv-03296 (PGG), 2021 WL 3498191, at *6 (S.D.N.Y. Aug. 6, 2021); *see* Br. at 12; Dkt. 30-2 at 6. There is also no indication "that that there is a conflict, or unique defense, that would make [Movant] inadequate to represent the class here." *Million v. Lottery.com Inc.*, No. 22-cv-07111 (JLR), 2022 WL 17076749, at *3 (S.D.N.Y. Nov. 18, 2022). Accordingly, Movant has made a preliminary showing of adequacy.

For the foregoing reasons, Movant has established that he is presumptively the most adequate plaintiff. This presumption "not been rebutted by any proof that [he] will not fairly and adequately protect the interests of the class or that [he is] subject to unique defenses that render [him] unable to adequately represent the class." *Id.* at *4; *see* 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(II), 78u-4(a)(3)(B)(iii)(II). The Court thus concludes that Movant is the plaintiff "most capable of adequately representing the interests of class members." 15 U.S.C. §§ 77z-1(a)(3)(B)(i), 78u-4(a)(3)(B)(i).

## II. Lead Counsel

Pursuant to the PSLRA, "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. §§ 77z-1(a)(3)(B)(v), 78u-4(a)(3)(B)(v). "There is a 'strong presumption in favor of approving a properly selected lead plaintiff's decisions as to counsel selection.'" *Damri*, 2024 WL 1242510, at *5 (quoting *Sallustro v. CannaVest Corp.*, No. 14-cv-02900 (PGG), 2015 WL 1262253, at *10 (S.D.N.Y. Mar. 19, 2015)). Here, Movant has sought the appointment of Burwick Law and Hoppin Grinsell as lead counsel. As described above, having reviewed the resumes of the firms, the Court finds that they have ample experience in cryptocurrency litigation and cryptocurrency-related securities class actions. *See* Dkts. 30-3, 30-4; Br. at 13-14. Additionally, both firms have been appointed as lead counsel in other securities class actions involving cryptocurrency. *See, e.g.*, *Basic v. BProtocol Found.*, No. 23-cv-00533, 2023 WL 11944466, at *3 (W.D. Tex. Aug. 10, 2023); Memorandum & Order at 10, *Mena v. Schultz*, No. 24-cv-08695 (E.D.N.Y. Apr. 23, 2025), ECF No. 16. Therefore, the Court approves Movant's choice of counsel.

## CONCLUSION

Accordingly, Movant's motion for appointment as lead plaintiff and approval of lead counsel is GRANTED. Because there have been no motions for consolidation and the instant motion was unopposed and suitable for resolution on the papers, Plaintiff's request that the conference currently scheduled for July 17, 2025, be adjourned *sine die* is GRANTED. The Clerk of Court is respectfully directed to terminate Dkts. 28 and 35.

Dated: July 15, 2025
New York, New York

SO ORDERED.

_____
JENNIFER L. ROCHON
United States District Judge